[Crim. No. 739.  Department One. — May 21, 1901.]

## THE PEOPLE, Respondent, v. CHARLES PARKS, Appellant.

CRIMINAL LAW — RAPE — SUFFICIENCY OF INFORMATION — DENIAL OF MARRIAGE RELATION — ABSENCE OF SPECIAL DEMURRER — OBJECTION UPON APPEAL. — An information for rape, which alleges that the defendant, on a specified date, at the county of the venue, and before the filing of the information, with "a female child under the age of sixteen years, to wit, of the age of fourteen years, and not the wife of the said defendant," did commit the offense charged, sufficiently charges that the prosecutrix was not the wife of the defendant on the specified date, in the absence of a special demurrer, and as against a general objection to the pleading, made for the first time upon appeal, that the denial of the marriage relation referred only to the date of the filing of the information.

APPEAL from a judgment of the Superior Court of Solano County.  William S. Wells, Judge.

The facts are stated in the opinion of the court.

Frank Sawyer, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

THE COURT.— Defendant has been tried and convicted of the crime of rape, and prosecutes an appeal to this court, contending that the information does not state a public offense, in this, that it is not alleged by the information that at the time of the commission of the alleged crime the prosecutrix was not the wife of the defendant. We do not find it necessary to enter into a consideration of the question as to whether or not, under the Penal Code of this state, such an allegation is necessary to the validity of an information. We do not find it necessary, for the reason that, in our opinion, this information, in substance, does charge that the prosecutrix was not the wife of the defendant. Possibly the information is defective in this regard and subject to a special demurrer; but we are entirely satisfied that it is not so defective as to render it wholly void. The information alleges "that the said Charles Parks, on the tenth day of August, A. D. 1900, at the said county of Solano, and before the filing of this information, with one Lela Condon, a female child under the age of sixteen years, to wit, of the age of fourteen years, and not the wife of the said defendant, Charles Parks, unlawfully and feloniously did," etc. Appellant's contention is, that the information charges the prosecutrix not to have been the wife of defendant upon the seventeenth day of August, 1900, the day the pleading was filed; but, as already suggested, as against a general objection to the pleading upon this ground, made for the first time before the appellate court, we are prepared to hold that the information charges the prosecutrix with not having been the wife of the defendant upon the tenth day of August.

For the foregoing reasons the judgment is affirmed.